## DYBVIK v. BEHRENDS.

No. 3338.

First Division. Juneau.

April 6, 1935.

Henry Roden, of Juneau, for plaintiff.

H. L. Faulkner, of Juneau, for defendant.

ALEXANDER, District Judge.

I am unable to agree with plaintiff's theories of this case.

On the first proposition, "That the Power of Attorney was secured by fraud":

■ Even though a fraud was committed, the defendant did not make any of the fraudulent representations, was not a party to the fraud, had no knowledge thereof, and did not profit thereby, and hence there could be no liability as against him therefor.

■ Furthermore, if the power of attorney was, in fact, secured by fraud or by fraudulent representations, that would not make the power of attorney itself void. It would merely be voidable at the option of the maker thereof, and, as the record stands, there is neither allegation nor proof of the fact that the plaintiff has ever repudiated the power of attorney under which Britt acted.

■ On the second proposition, "That Britt could not act in the dual capacity of administrator and attorney in fact or agent for plaintiff and give a valid receipt for her distributive share of the estate," I cannot agree.

I have read all the authorities cited by counsel for both plaintiff and defendant, and find nothing that satisfies my mind that such is the law as applied to the facts here.

I know of no law that would prevent any beneficiary from authorizing another to act as administrator of an estate in which they were interested, if that power can be delegated, and to collect and receipt for his or her interest therein. I do know that it is a common practice, indulged in by the courts generally, to allow an administrator to collect and receipt for the distributive shares of beneficiaries of an estate of which he is the administrator, and I have never before heard it questioned. We may agree that it is a bad and dangerous practice, but that does not change the fact nor the law that any person otherwise qualified may name an agent or attorney in fact to do almost everything that he or she might do in their own proper person.

■ In the instant case, Mr. Britt was Mrs. Karlsen's agent, authorized by her to receive and receipt for her distributive share of the estate. She knew that he was also the administrator, and, having put him in a position to

commit the wrong she now complains of even without the knowledge of the defendant, so far as the record shows, she is not now in a position to complain as against the defendant about her own agent or the consequences of his illegal acts.

 In the instant case the administrator had administered on the estate in the regular way, filed his report as such, secured an order of distribution, and thereafter filed a certified copy of the power of attorney authorizing him to receive and receipt for plaintiff's distributive share of the estate and receipted therefor, pursuant to which the probate court granted him his final discharge as administrator and exonerated his bond. He had therefore complied with all the requirements of the statute as administrator, and the probate court, on that showing, could not have done otherwise than discharge the sureties on his bond. The evidence further shows that, at the time he received the money in question as plaintiff's agent, he was solvent and so continued for several years thereafter. It therefore follows that whatever default was committed by him was committed by him, not as administrator, but as the agent and attorney in fact for plaintiff, and for which he and his estate alone are liable.

It therefore follows that judgment must be for the defendant, with costs, and findings and judgment may be prepared and presented in accord herewith.